United States District Court
Southern District of Texas
**ENTERED**
July 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SHERON G. TERRELL, TDCJ #01779108, | § § § § | |
| Plaintiff, VS. | § § § | CIVIL ACTION NO. 3:14-CV-35 |
| LONNIE COX, *et al*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sheron Terrell (TDCJ #01779108), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Dkt. 1). After reviewing that complaint as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for the reasons that follow.

### I.  BACKGROUND

Terrell is currently incarcerated in the Polunsky Unit. His civil rights complaint seeks monetary damages and injunctive relief against the various defendants because, he alleges, the defendants conspired to imprison him on bogus charges (Dkt. 1 at pp. 4–11).

Terrell concedes that the instant complaint is materially identical to the complaint dismissed by this Court as *Heck*-barred in Civil Action No. 3:13-CV-187, the only difference being that "these claims are against different defendants" (Dkt. 1 at p. 4).

## II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party, like Terrell, proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

Terrell proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III.   THE *HECK* RULE

Terrell seeks money damages and injunctive relief under 42 U.S.C. § 1983 for his allegedly unlawful conviction (Dkt. 1 at p. 4). To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* The same is true of claims for injunctive and declaratory relief. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998). Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 486–87.

Terrell does not allege or show that his conviction and sentence have been invalidated or otherwise set aside by an authorized state tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254. To the contrary, his state habeas petition was denied by the Texas Court of Criminal Appeals on June 22, 2016, and he just filed his federal habeas petition with this Court two weeks ago. *See* Texas Court of Criminal Appeals Case Number WR-81,510-02; Southern District of Texas Case Number 3:16-CV-179.

Terrell's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time, and his complaint must be dismissed. The dismissal of the claims for monetary damages will be with prejudice until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). The claims for

injunctive relief, and any claims for declaratory relief, are dismissed without prejudice. *Id.*; *Clarke*, 154 F.3d at 191.

Terrell also vaguely pleads several state-law causes of action (Dkt. 1-1 at pp. 1–2). The Court declines to exercise supplemental jurisdiction over those claims and dismisses them without prejudice. *See* 28 U.S.C. § 1367(c)(3).

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Terrell's complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The dismissal of the claims for monetary damages is with prejudice until the *Heck* conditions are met. The dismissal of the claims for injunctive relief and any claims for declaratory relief is without prejudice. The dismissal of Terrell's state-law claims is without prejudice.

2. All pending motions are **DENIED** as moot.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Galveston, Texas on ____July 29____, 2016.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE